| | | |
|---|---|---|
| **HUGH A. TAYLOR** | * | **NO. 2023-C-0759** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **EXXON MOBIL** | * | |
| **CORPORATION AND** | | **FOURTH CIRCUIT** |
| **EXXONMOBIL OIL** | * | |
| **CORPORATION, ET. AL.** | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06263, DIVISION "F-14"
Honorable Jennifer M. Medley,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Dale N. Atkins)

Gerolyn P. Roussel
Perry J. Roussel, Jr.
Jonathan B. Clement
Lauren R. Clement
Benjamin P. Dinehart
ROUSSEL & CLEMENT
1550 West Causeway Approach
Mandeville, Louisiana 70471

COUNSEL FOR PLAINTIFF/APPELLANT

David M. Bienvenu, Jr.,
John Allain Viator,
Melissa Jade Avant,
Thomas C. Naquin,
BIENVENU, FOCO & VIATOR, LLC
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809

James M. Williams,
Daniel E. Buras, Jr.,
Inemesit U. O'Boyle,
Patrick R. Follette,
Marshall C. Watson,
CHEHARDY, SHERMAN,

WILLIAMS, RECILE & HAYES, L.L.P.
One Galleria Boulevard, Suite 1100
Metairie, LA 70001


COUNSEL FOR DEFENDANTS/APPELLANTS

**WRIT GRANTED;**
**REVERSED AND REMANDED**
**DECEMBER 27, 2023**

PAB
DLD
DNA

Relator, Hugh A. Taylor, seeks supervisory review of the district court's September 19, 2023 judgment,[1] which partially granted Respondents, Exxon Mobil Corporation and Exxonmobil Oil Corporations' Daubert[2] motion and motion in *limine* to exclude the opinions and testimony of Dr. Rodney J. Landreneau, M.D. ("Dr. Landreneau"), Relator's thoracic surgeon. For the reasons that follow, we grant Relator's supervisory writ application, reverse the September 19, 2023 judgment of the district court and remand this matter for further proceedings consistent with this opinion.

Relator asserts the district court erred procedurally and substantively in partially granting Respondent's Daubert motion and motion in *limine* to exclude the opinions and testimony of Dr. Rodney J. Landreneau, M.D. Procedurally, Relator argues that the district court failed to follow the mandates of La. C.C.P. art.

---

[1] The notice of judgment was not mailed until October 5, 2023. On October 9, 2023, Relator filed a Motion for Clarification and/or Alternatively, Motion to Reconsider the Ruling Regarding Dr. Rodney Landreneau and Request for Expedited Consideration, which the district court denied on October 13, 2023. Relator timely filed his notice of intent to seek this writ on October 19, 2023, and was assigned a December 4, 2023 return date. Relator timely filed this writ application on November 31, 2023.

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

1

1425(F) to issue reasons for its judgment addressing La. C.E. arts. 702 through 705. Louisiana Code of Civil Procedure article 1425(F) provides, in pertinent part:

> (1) Any party may file a motion for a pretrial hearing to determine whether a witness qualifies as an expert or whether the methodologies employed by such witness are reliable under Articles 702 through 705 of the Louisiana Code of Evidence. The motion shall be filed not later than sixty days prior to district and shall set forth sufficient allegations showing the necessity for these determinations by the court.

> (2) The court shall hold a contradictory hearing and shall rule on the motion not later than thirty days prior to the trial. At the hearing, the court shall consider the qualifications and methodologies of the proposed witness based upon the provisions of Articles 104(A) and 702 through 705 of the Louisiana Code of Evidence. For good cause shown, the court may allow live testimony at the contradictory hearing.

> (3) If the ruling of the court is made at the conclusion of the hearing, *the court shall recite orally its findings of fact, conclusions of law, and reasons for judgment.* If the matter is taken under advisement, the court *shall render its ruling and provide written findings of fact, conclusions of law, and reasons for judgment* not later than five days after the hearing.

> (4) The findings of facts, conclusions of law, and reasons for judgment shall be made part of the record of the proceedings. The findings of facts, conclusions of law, and reasons for judgment *shall specifically include and address*:

> (a) *The elements required to be satisfied for a person to testify under Articles 702 through 705 of the Louisiana Code of Evidence.*

> (b) The *evidence presented at the hearing to satisfy the requirements of Articles 702 through 705 of the Louisiana Code of Evidence at trial.*

> (c) A decision by the judge as to whether or not a person shall be allowed to testify under Articles 702 through 705 of the Louisiana Code of Evidence at trial.

(d) The *reasons of the judge detailing in law and fact why a person shall be allowed or disallowed to testify under Articles 702 through 705 of the Louisiana Code of Evidence.*

(Emphasis added).

In support, Relator points to this Court's prior decision in this case. In that instance, this Court reversed the judgment issued by the district court on the same date as the judgment from which Relator now seeks review. In reversing the district court's September 18, 2023 judgment granting this writ's Relator's motion to exclude certain testimony of Dr. Jennifer Pierce, this Court reasoned:

> In granting plaintiff's motion in *limine* from the bench, the [district] court only reasoned that the dose reconstruction testimony would lead to jury confusion. Written reasons for judgment were not provided.
>
> Without reaching the merits of plaintiff's motion in *limine*, we conclude that the [district] court committed legal error in excluding Dr. Pierce's testimony without complying with the mandatory requirements of La. C.C.P. art. 1425(F) and without properly applying the factors set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), as adopted by the Louisiana Supreme Court in *State v. Foret*, 628 So.2d 1116 (La. 1993).

*Taylor v. Exxon Mobil Corp., et. al.* 2023-C-0631 (La. App. 4 Cir. 11/14/23), *unpub.*

In the matter now before us, the judgment from which Relator seeks review in this writ application provides no reasoning. At the September 5, 2023 hearing, the district court answered some questions indicating some of its reasons, but stated no specific findings of fact, conclusions of law or reasons for judgment that in any way addressed La. C.E. arts. 702-705. Accordingly, we can once again reach our decision without considering the merits of Respondents' motions.

Therefore, for the foregoing reasons, the district court's September 19, 2023 judgment, which partially granted Respondents' Daubert motion and motion in

3

*limine* to exclude the opinions and testimony of Dr. Rodney J. Landreneau, M.D., is vacated and set aside.  The matter is remanded to the district court for compliance with La. C.C.P. art. 1425(F).

**WRIT GRANTED;**
**REVERSED AND REMANDED**